Opinion issued June 20, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-98-00517-CV

____________


ARTHUR JOHNSON, Appellant


V.


MARY JANE PONTZIER, Appellee






On Appeal from the 152nd District Court

Harris County, Texas

Trial Court Cause No. 91-23037






OPINION DISMISSING APPEAL

FOR WANT OF PROSECUTION This is an appeal from a judgment signed on March 18, 1997. Appellant
Arthur Johnson filed a motion for extension of time to file his brief and a request for
a copy of the record to prepare his brief. The motion is denied. The appeal is
dismissed for want of prosecution. 

Background

 After this case was tried to the court on January 23, 1997, the trial court found
in favor of the defendant/appellee Mary Jane Pontzier. Appellant filed a timely notice
of appeal, to which was attached his affidavit of inability to pay costs. (1) The appeal
was assigned to this Court and given appellate cause no. 01-97-00814-CV. The
clerk's record was received on July 30, 1997, along with a motion for an extension
of time to file it. Before that motion was acted upon, the appeal was transferred to the
Court of Appeals for the Eighth District of Texas at El Paso on August 14, 1997, and
this Court closed its file on the case. See Tex. Gov't Code Ann. § 73.001.

 The Court of Appeals for the Eighth District of Texas granted appellant's
motion to remand the case back to this Court. On May 11, 1998, this appeal was
transferred back to this Court and assigned appellate cause no. 01-98-00517-CV. The
Clerk of this Court filed a clerk's record, a supplemental clerk's record, and a
reporter's record of an April 25, 1997 postjudgment hearing. However, the reporter's
record of the January 23, 1997 trial was not filed.

 On May 13, 1998, appellant filed a motion for an extension of time in this
Court, seeking an extension of 120 days for medical reasons, which we granted. 
When no appellant's brief was filed, on October 23, 1998, we issued an order stating
that the appeal would be dismissed unless within 15 days, appellant filed his brief and
an explanation reasonably explaining why his brief was late. Appellant responded
by asking for a 120-day extension of time to file his brief, indicating for the first time
that he had requested, but that the court reporter had not filed, the reporter's record
of the trial. 

 On February 15, 2001, this Court ordered the official court reporter to prepare
without cost the reporter's record of the trial held on January 23, 1997 in trial court
cause no. 91-23037. On February 20, 2001, we received a response from Marijane
Stomberg, the official reporter of the 152nd District Court, stating that: (1) she has no
record that this reporter's record was ever ordered; and (2) after searching her
records, she has no reporter's record of the trial. On June 21, 2001, we abated the
appeal and remanded the cause to the trial court for it to make appropriate findings
and rule on issues regarding whether a reporter's record was made of the January 23,
1997 trial. We further held:

 It is appellant's responsibility to request a hearing date from the trial
court and to schedule a hearing in compliance with this Court's order. 
If we do not receive a record on the abatement or a motion to reinstate
within 150 days, we will reinstate the appeal and proceed to consider the
appeal based on the clerk's record and briefs alone. Any extensions of
time will be disfavored given the age of this appeal. 


 On February 6, 2002, we reinstated this appeal. Appellant's brief was due
March 8, 2002. On March 2, 2002, appellant filed a motion for extension of time to
file his brief. As of the date of this opinion, appellant's brief has not been filed. 

 This is appellant's third motion for extension of time. Due to the age of the
this case, our previous orders stated that "any motions for extension of time will be
disfavored." Moreover, appellant did not specify any reasons to necessitate an
extension of time. He simply stated that his motion was "in the interest of justice and
not due to delay." 

Conclusion

 Appellant's motion for extension of time to file a brief is denied. The appeal
is dismissed for want of prosecution. See Tex. R. App. P. 38.8(a)(1), 42.3(b).


PER CURIAM


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. The clerk's record does not contain any contest to the affidavit, so this
Court presumes appellant is proceeding as a pauper in this appeal.